THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PETER LYNCH, Appellant.

First Department, April 1, 1938.

*Joseph L. Zelaskow* of counsel [*Henry J. Smith*, attorney], for the appellant.

*Harris B. Steinberg, Deputy Assistant District Attorney*, of counsel [*Karl Grebow, Deputy Assistant District Attorney*, with him on the brief; *Thomas E. Dewey, District Attorney, New York County*], for the respondent.

PER CURIAM. At the time of the trial defendant was also under a homicide complaint arising out of the same accident, based on the fact that one of the injured persons died from injuries sustained.

The present charge and the homicide charge were heard jointly, by stipulation.

When the trial court indicated its intention to hold the defendant for the grand jury on the homicide charge, defendant refrained from taking the stand in his own defense.

While the testimony establishes that a collision occurred between " a " bus and a pleasure automobile, as a result of which the pleasure car was overturned, the proof that appellant was the driver of the bus involved was meagre and entirely circumstantial. It consisted of testimony of eye-witnesses, who stated that " a " bus was one of the vehicles involved in the collision, and that they saw but one bus in the vicinity. The defendant, who was arrested several hours after the accident, is alleged to have admitted to a police officer that he was driving a bus near the place where the collision occurred, and had seen a pleasure car overturned. In that statement he denied that his bus had been involved in any accident.

One of the People's witnesses stated that he had taken down the license number of the bus and given it to a police officer. This police officer was not present upon the trial, nor was there any proof that the number written down was that on defendant's bus. No witness identified defendant as the driver of the bus involved.

As against the above, the police officers testified that skid marks at the scene of the accident were not made by defendant's bus, and that certain marks on the defendant's bus did not appear to correspond in location with marks on the private vehicle.

Under the circumstances, and in the interests of justice, we believe that the judgment should be reversed and a new trial ordered. Upon the new trial both sides should be in a position to present the facts more clearly to the court.

Present — MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ.

Judgment unanimously reversed and a new trial ordered.